IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

RACHEL BROOKE PAGELER,

        Defendant.

4:21-CR-3070

ORDER

This matter is before the Court on the defendant's motion for amendment or revocation (filing 33) of the Magistrate Judge's order (filing 32) that the defendant be detained pending trial. The defendant's motion will be denied.

If a person is ordered detained by a Magistrate Judge, she may file a motion for revocation or amendment of the order with the district judge. *See* 18 U.S.C. § 3145(b). Such a motion "shall be determined promptly." *Id*. When reviewing the Magistrate Judge's order, the Court

> may hear and consider additional evidence not considered by the magistrate judge if that evidence was not available to be presented to the magistrate judge at the hearing held under 18 U.S.C. § 3142(f) or for other good cause shown. In the alternative, the district judge may remand the matter to the magistrate judge to reopen the hearing. Unless additional evidence is received on review, the district judge reviews an order of release or detention de novo on the record made before the magistrate judge.

NECivR 46.2(c). The defendant hasn't offered additional evidence or asked for the opportunity to present any additional evidence, *see* filing 33, so the Court

has conducted a *de novo* review of the record made before the Magistrate Judge. *See* NECivR 46.2(c). In particular, the Court has reviewed the pretrial services report, courtroom audio recordings of the three hearings held by the Magistrate Judge on June 24 and June 25, 2021, and the defendant's proffered exhibits. *See* filing 13; filing 15; filing 16; filing 26; filing 29.

Pursuant to § 3142(e)(1), a defendant shall be detained pending trial if, among other things, the Court finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." Only if the government shows by clear and convincing evidence that no release conditions will reasonably assure the safety of the community, or by a preponderance of the evidence that no conditions will reasonably assure the defendant's appearance, can a defendant be detained before trial. *United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003).

But in this case, because there is probable cause that the defendant violated 18 U.S.C. § 924(c), *see* filing 1, those showings are presumed, *see* § 3142(e)(3)(B). Only if the defendant meets her burden of producing evidence that she doesn't pose a danger to the community or risk of flight does the Court proceed to consider whether there are conditions of release that will reasonably assure the defendant's appearance and the safety of others and the community. *See United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

If the defendant meets her "burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Id.*; *see United States v. Warren*, 787 F.2d 1237, 1238 (8th Cir. 1986). In determining whether there are conditions of release that will reasonably assure the safety of any other person, the Court is to take into account, as

relevant, information concerning the nature and circumstances of the offense charged, the weight of the evidence, the defendant's history and characteristics, and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. § 3142(g).

The Magistrate Judge found that the defendant didn't rebut the statutory presumption that her release would endanger the community, and that there is clear and convincing evidence the defendant's release would pose a risk of harm to the public. Filing 32 at 1. Having reviewed the testimony of the government's witnesses, it suffices to say that there is ample support for the Magistrate Judge's findings.[1] The Court will not recite that evidence here, because it relates to an ongoing investigation, but the record provides substantial reason to believe the defendant has been involved in conduct that clearly endangered others and may continue to do so.

Nor is the Court persuaded that the conditions proposed by the defendant, primarily contingent on the defendant being entrusted to her mother's custody, will suffice to ameliorate that risk. To be clear—the Court has no doubt about the sincerity of the defendant's mother or her intent to serve as a responsible and law-abiding custodian. But as the government noted, the defendant's mother was also evidently unaware of the substance abuse problem that the defendant had while she last lived with her mother, suggesting that the defendant is capable of successfully hiding her behavior from her mother. And, more importantly, evidence of the defendant's involvement in serious and dangerous criminal behavior takes this case well

---

[1] To be precise: the Court agrees with the Magistrate Judge that the defendant didn't meet her burden of production to overcome the statutory presumption, but even if she had, the record contains clear and convincing evidence that there are no conditions of release to reasonably assure the safety of others and the community. *See Abad*, 350 F.3d at 797.

beyond the point where a family member, no matter how well-intentioned, should assume responsibility for public safety.

On its *de novo* review, the Court agrees with the Magistrate Judge and is convinced that no level of custody short of imprisonment will reasonably assure the safety of others. Accordingly, the defendant will be detained pending trial.

IT IS ORDERED that the defendant's motion (filing 33) for revocation or amendment of her detention order is denied.

Dated this 7th day of July, 2021.

BY THE COURT:

John M. Gerrard
Chief United States District Judge