IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | |
| vs. | 4:21CR3070 |
| RACHEL BROOKE PAGELER, | PLEA AGREEMENT |
| Defendant. | |

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Jan W. Sharp, Acting United States Attorney and Lesley Woods, Assistant United States Attorney, and defendant, RACHEL BROOKE PAGELER, and Jim McGough, counsel for defendant, as follows:

I

**THE PLEA**

A.  CHARGE(S) & FORFEITURE ALLEGATION(S).

Defendant agrees to plead guilty to Count I of the Indictment. Count I charges a violation of Title 18, United States Code, Section 924(o), Firearms Conspiracy.

B.  In exchange for the defendant's plea of guilty as indicated above, the United States agrees as follows:

1. The United States will move to dismiss any remaining Counts at the time of sentencing.

2. The United States agrees that the defendant will not be federally prosecuted in the District of Nebraska for drug trafficking, robbery, and threat crimes as disclosed by the discovery material delivered to the defendant's attorney as of the date this agreement is signed by all parties, other than as set forth in paragraph A, above. This agreement not to prosecute the defendant for specific crimes does not prevent any prosecuting authority from prosecuting the defendant for any other crime, or for any crime involving physical injury or death.

II

1

# NATURE OF THE OFFENSE

A. **ELEMENTS EXPLAINED.**

COUNT I

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

1. Between on or about July 1, 2020, and continuing through on or about June 4, 2021, two or more people reached an agreement to knowingly possess firearms in furtherance of a drug trafficking crime—specifically, possession of methamphetamine and marijuana with intent to distribute it.

2. The defendant voluntarily and intentionally joined in the agreement, either at the time it was first reached or at some later time while it was still in effect.

3. At the time the defendant joined in the agreement, she knew the purpose of the agreement.

B. **ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS.**

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed.

1. Josef D. Barraza, co-defendant in this matter, was prohibited from purchasing firearms in the State of Nebraska from on or about July 1, 2020, to on or about June 4, 2021, on the grounds that he was a narcotics user under federal law, as well as a narcotics distributor, and because he violated a city ordinance concerning firearms in Grand Island, Nebraska. Due to his inability to purchase firearms, he made an agreement with Rachel Brooke Pageler to purchase firearms for him. Barraza would then illegally transfer and sell these firearms to other third parties, including members of the No Name Demons gang in Lincoln. Barraza's younger brother, a juvenile, is a classified member of the gang.

2. On November 20, 2020, investigators executed a series of search and arrest warrants for members of the No Names Demon gang in Lincoln, Nebraska in the District of

2

Nebraska, including Rice Hill, a/k/a Shay. On that same day, Rachel Brooke Pageler reported the weapons stolen that she purchased at her co-defendant's direction that were transferred or sold to gang members. Also on that date, Rice Hill's cell phone was seized and searched pursuant to a warrant and contained information and evidence about Kobe Amerson, another documented member of the gang, obtaining guns that were ultimately purchased by Rachel Brooke Pageler and transferred to the gang by the co-defendant, Josef D. Barraza. Snap chat evidence obtained by warrant revealed that these gang members were using the guns "poles," for "licks" or robberies and for rival gang shootings and threats.

3. On or about July 31, 2020, Rachel Brooke Pageler bought a blue SCCY TCPX-2 online, using the email address joebarraza1331@gmail.com (email address associated to the defendant) and picked it up at a Federal Firearms Licensee's retail location in Lincoln, Nebraska.

4. On August 13, 2020, Rachel Brooke Pageler purchased a pink Ruger 380 from a Federal Firearms Licensee with Josef D. Barraza present in the store with her for the purchase.

5. On or about August 14, 2020, Kobe Amerson, then a juvenile, posted photos of himself with a pink and blue gun and sent texts to Rice Hill about receiving "colorful" guns from the defendant. One of the serial numbers was visible and matchable to the gun purchased by Pageler at the defendant's direction.

6. On August 17, 2020, Rachel Brooke Pageler purchased a Glock model 45 from a Federal Firearms Licensee with Josef D. Barraza present in the store with her for the purchase.

7. On or about September 3, 2020, Rachel Brooke Pageler attempted to purchase two firearms from a Federal Firearms licensee but was denied when an employee witnessed an exchange of currency between Rachel Brooke Pageler and Josef D. Barraza.

8. On June 4, 2021, investigators with the Lincoln Police Department went to the shared residence of the defendant and Rachel Brooke Pageler. Investigators seized firearms, including multiple Glock handguns and ammunition, one with an extended clip that was loaded and controlled substances, including methamphetamine and marijuana. Investigators also recovered $1,200 in United States currency from Barraza, who was then unemployed. The defendant agreed to speak with investigators and admitted to being a drug user at the time.

9. The co-defendant's cellular phone revealed text messages indicating that he was supplying individuals with controlled substances and firearms in exchange for money. He supplied the defendant and others.

10. A forensic chemist confirmed that the controlled substances were, in fact, methamphetamine and marijuana.

11. Rachel Brooke Pageler gave a statement consensually to law enforcement and indicated that they were users of controlled substances and that she purchased the firearms at the defendant's direction for the defendant and not for herself, as indicated on the federal firearms forms.

12. Drugs, guns, and currency were all kept in plain view and close proximity within the defendants' shared residence.

### III
### PENALTIES

A.  COUNT I. Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

1. A maximum 20 (twenty) years in prison;
2. A maximum $250,000 fine;
3. A mandatory special assessment of $100 per count; and
4. A term of supervised release of up to three years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.
5. Possible ineligibility for certain Federal benefits.

## IV
## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
## DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

## V
## SENTENCING ISSUES

A.  SENTENCING AGREEMENTS.

Although the parties understand that the Guidelines are advisory and only one of the factors the court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments and Departures (if applicable). Unless otherwise stated, all agreements as to sentencing issues are made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B): if the defendant is found to be entitled to an offense level reduction under U.S.S.G. § 3E1.1(a) for acceptance of responsibility, the United States hereby moves that the court reduce the defendant's offense level by one additional level, pursuant to U.S.S.G. § 3E1.1(b), if that paragraph otherwise applies. All other specific offense characteristics, role adjustments, victim adjustments, and other matters are in dispute by the parties, and each party reserves the right to present evidence in support of its position at the time of sentencing.

B.  ACCEPTANCE OF RESPONSIBILITY.

Notwithstanding paragraph A above, the United States will <u>not</u> recommend any adjustment for Acceptance of Responsibility if defendant:

1. Fails to admit a complete factual basis for the guilty plea at the time it is entered, or
2. Denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the court or probation officer, or
3. Fails to appear in court, or
4. Engages in additional criminal conduct, or
5. Attempts to withdraw the guilty plea, or
6. Refuses to abide by any lawful court order, or
7. Contests or assists any third party in contesting the forfeiture of property(ies)seized or forfeited in connection with this case.

**The parties further agree the defendant will make no "blanket" objections to the criminal history calculation (specific objections based on stated grounds are permitted). Objections to criminal history on the basis that the defendant was not the person who was convicted of the offense(s) described in the presentence investigation report or on the basis that the defendant was not represented by counsel in connection with such conviction(s), if determined to be unfounded, are evidence the defendant has not accepted responsibility and the parties agree no credit for acceptance of responsibility should be given.**

C. <u>ADJUSTMENTS, DEPARTURES & REDUCTIONS UNDER 18 U.S.C. § 3553</u>.

The parties agree that defendant may request or recommend additional downward adjustments, departures, including criminal history departures under U.S.S.G. § 4A1.3, and sentence reductions under 18 U.S.C. § 3553(a), and that the United States will oppose any such downward adjustments, departures, and sentence reductions not set forth in Section V, paragraph A above.

D. <u>CRIMINAL HISTORY</u>.

The parties have no agreement concerning criminal history.

E. <u>"FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION</u>.

The parties agree that the facts in the "factual basis" paragraph of this agreement, if any, are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report, and may be disclosed to the court for purposes of sentencing.

## VI
## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

The defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, and including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed, except:

(a) As provided in Section I above, (if this is a conditional guilty plea); and

(b) A claim of ineffective assistance of counsel.

The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

(a) The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

(b) The right to seek post-conviction relief based on ineffective assistance of counsel.

If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

## VII
## BREACH OF AGREEMENT

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement, and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

## VIII
## SCOPE OF AGREEMENT

A. This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B. By signing this agreement, the defendant agrees that the time between the date the defendant signs this agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

C. The United States may use against the defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

D. Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $100 for each felony count to which the defendant pleads guilty. The defendant will make this payment at or before the time of sentencing.

E. By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5). Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

## IX
## **MODIFICATION OF AGREEMENT MUST BE IN WRITING**

No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

## X
## **DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT**

By signing this agreement, defendant certifies that defendant read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

UNITED STATES OF AMERICA
JAN W. SHARP
Acting United States Attorney

1-20-23
Date

*Daniel Packard* (Digitally signed by DANIEL PACKARD Date: 2023.01.20 10:08:24 -06'00')
for LESLEY A. WOODS
ASSISTANT U.S. ATTORNEY

1-17-23
Date

*Rachel Pageler*
RACHEL BROOKE PAGELER
DEFENDANT

1/17/23
Date

*Jim McGough*
JIM McGOUGH
COUNSEL FOR DEFENDANT